United States District Court
Southern District of Texas
**ENTERED**
April 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:13-CR-130-18 |
| | § | (CA. No. 2:16-CV-103) |
| AARON TREVINO, | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DENYING A CERTIFICATE OF APPEALABILITY**

Aaron Trevino (Trevino) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 1203. Because it plainly appears from the Court's review of the motion, the memorandum and the record of prior proceedings that Trevino is not entitled to relief because his motion is barred by limitations, the Court dismisses the motion pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2015) (2255 Rules). The Court also denies him a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. BACKGROUND

Trevino was indicted in February 2013 in Count One of a 32 defendant 13 count indictment. Count One charged him and others with racketeering in state prison to bring in contraband consisting of drugs, cell phones and tobacco. D.E. 18. Trevino bribed corrections officers and arranged to smuggle drugs into the McConnell Unit of a Texas prison. D.E. 351.

1

Trevino pleaded guilty to Count One pursuant to a plea agreement and was rearraigned on May 30, 2013. D.E. 565, 920. He was sentenced on October 30, 2013, to 198 months imprisonment to be followed by three years supervised release. D.E. 948. Judgment was entered on the docket on November 5, 2013. Trevino did not appeal. He filed the present motion on or about March 23 21, 2016.

### III.  MOVANT'S ALLEGATIONS

Trevino challenges his conviction and sentence on multiple grounds including: 1) the indictment was illegal and invalid; 2) his plea agreement was illegal and invalid; 3) defense counsel provided ineffective assistance, 4) his incarceration is illegal, and 5) he is actually innocent which excuses his late filing  D.E. 1203.

### IV.  ANALYSIS

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1]  28 U.S.C. § 2255(f).  The Fifth

---

[1]  The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Trevino's judgment became final on November 19, 2013, fourteen days after judgment was entered on the docket. *See* Fed. R. App. P. 4(b)(1). He was required to file his motion to vacate no later than one year from that date, or on or before November 19, 2014. His motion was filed (at the earliest) on March 23, 2016, the day on which he placed it in the prison mail. Fed. R. App. P. 4(c). The motion is over a year too late unless limitations is equitably tolled or his late filing is excused.

**B.     Actual Innocence**

Trevino claims he is actually innocent of the crime of conviction and as a result the untimeliness of his motion is excused. Trevino argues that he is a citizen of Texas and only the State had the power to prosecute him. Trevino's claim of actual innocence is based solely upon this argument; he has presented no evidence and alleged no facts that suggest he is innocent of the racketeering crime to which he pleaded guilty.

In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013), the Court held that a convincing plea of actual innocence can overcome the AEDPA statute of limitations, even when equitable tolling is not available. "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). "[A] petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 133 S.Ct. at 1931.

Trevino's claim of actual innocence does not encompass "factual innocence." As a result, he has not alleged facts that excuse the untimeliness of his motion. Because Trevino's motion is untimely, this Court may not address the merits of his claims.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Trevino has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Trevino is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

Trevino's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 1203; D.E. 1, 2:16-CV-103) is DISMISSED pursuant to Rule 4(b) of the 2255 Rules and he is DENIED a Certificate of Appealability.

ORDERED this 26th day of April, 2016.

*/s/ Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE